c/m

Carol Bagley Amon
UNITED STATES JUDGE
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT. E.D.N.Y.

★ SEP 28 2005 ★

BROOKLYN OFFICE

September 19, 2005

99 CR 334

Re: Order dated September 1, 2005 denying motion
    for a reduction in sentence pursuant to 18 U.S.C.
    §3582(c)(2)

Honorable Judge Carol B. Amon:

I received your order denying my motion via institutional mail at Fort Dix on September 16, 2005. While I am disappointed, I am not surprised by the ruling. However, movant respectfully asks the Court to reconsider in the following Motion. Thank you for your consideration.

Sincerely,

E. Ndiki

Eric Ndiki

Motion to reconsider is denied.

So Ordered
/s/ HON. CAROL B. AMON
10/12/05

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------X
                                 )
UNITED STATES,                   )
                                 )
V.                               )      99CR 0334 (CBA)
                                 )
Eric Ndiki,                      )
                                 )
            Defendant.            )
                                 )
---------------------------------X

## MOTION FOR RECONSIDERATION OF SENTENCE REDUCTION
## PURSUANT TO TITLE 18 § 3582(c)(2)

Comes now movant, Eric Ndiki, who moves this Honorable Court for reconsideration to reduce his sentence pursuant to Tile 18 U.S.C. §3582(c)(2). The Sentencing Commission has been given power to set guideline ranges by authority of Congress. Congress would not and did not give any power to the Sentencing Commission which would be otherwise illegal or incontravention of the Constitution of the United States. That much is clear. When Congress established the U.S.S.G. it did not consciously intend to establish a "mandatory guideline scheme" that would violate the Sixth Amendment to the US Constitution. Prior to the ruling in **Booker**, Ndiki's guideline range was 151-188 months. Without a motion by the government, the Court could not have meted out a sentence below 151 months, absent something extraordinary taking the case outside the "heartland" of sentencing. However, since **Booker's** ruling, this Court has the ability to depart anywhere below 151 months, all the way to zero, if it so chooses. The Court can do so without any motion from the government or other extraordinary circumstance which would take this case outside the "heartland" of sentencing.

Due to those facts, it is clear that the "sentencing ranges" have been lowered. While it's true that the Sentencing Commission has not lowered them pursuant to 28 U.S.C. 994(o), movant asserts that the Supreme Court has greater power than the Sentencing Commission, being the "seat" of the "Judicial" branch of the government. Since the Supreme Court rendered the guidelines "advisory," therefore removing any "floor" to any guideline range, as "Congress would have intended," it flows logically that Congress would have intended to instruct the Sentencing Commission to do so accordingly because the Sentencing Commission derives its authority only from Congress and the Supreme Court has acted in **Booker** as "Congress would have intended."

Based on the foregoing, movant respectfully asks the Court to reconsider his motion for a reduction in sentence pursuant to Title 18 U.S.C 3582(c)(2)

Respectfully Submitted,

*[signature]*

Eric Ndiki